

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

DEC 1 1 2014

DAVID J. MALAND, CLERK
BY
DEPUTY

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

DAVID M. WETHY          (

AS-PLAINTIFF          (

-v-          (

CASH STORE & THE CASH STORE   (

AS DEFENDANTS          (

Case No. 4:14cv809

**JURY TRAIL DEMANDED**

## COMPLAINT

1.     This is an action for damages brought by Plaintiff's for the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter

1

"FDCPA"), the Texas Debt Collection Practices Act, Chapter 392 (hereinafter "TDCPA") and the Texas Business and Commerce Code, Subchapter E, Chapter 17, (hereinafter"DTPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

2.   Plaintiff's seeks to recover monetary damages for the Defendant's violations of the FDCPA, the TDCPA and the DTPA, and to have an Order or injunction Issued by this Court preventing Defendants from continuing its violative behaviors.

3.   Service may be made upon Defendant in any other district in which it may be found pursuant to 29 U.S.C. §1132(e)(2).

4.   Upon belief and information, Plaintiff's contends that many of these practices are consistence with the way the defendant conducts business with their rentals in Texas.  Plaintiff's intends to propound discovery to Defendants identifying these other individuals who have suffered similar violations.

5.   Plaintiff's contends that the Defendants have violated such laws by repeatedly harassing the Plaintiff's in attempts to collect the debt when in Fact the defendants dose not meet the Requirements or laws of the Secretary Of State of Texas to conduct business as a debt collector. TX. FIN. Code Ann. §392.001, TX. FIN. Code Ann. §392.101.

## JURISDICTION AND VENUE

6.  Jurisdiction of this Court arises under 15 U.S.C. §1692 (FDCPA) 28 U. S. C §1331, & TX   FIN. Code Ann. §392.001, and TX. FIN. Code Ann. §392.10

7.  Venue is proper pursuant to 15 U.S.C. §1692 and TX. FIN. Code §392.001, TX. FIN. Code Ann. §392.101, And 28 U. S. C § 1331

8.  Venue in the Eastern District of Texas is proper because the Plaintiff resides in the State of Texas, Tarrant County, the Defendants transact business here, and the conduct complained of occurred here.

9.  All conditions precedent to bringing of this action, have been performed.

10.  This is an action for damages which exceed $25,000.00 (TWENTY-FIVE THOUSAND DOLLARS).

## PARTIES

11.  The Plaintiff David M. Wethy, is a natural person and is a citizens of Denton County in the State of Texas.

12.   Plaintiff David M. Wethy is a consumer as defined by 15. U. S. C § 1692a (3).

13.   Defendants, Cash Store & The Cash Store registered agent is Trevor Ahlberg he can be served at 1901 Gateway Dr, Ste 200, Irving TX 75038.

14.   Defendants, Cash Store & the Cash Store is a "debt collector "as defined by 15 U.S.C § 1692a (6).

15.   Defendants, Cash Store & The Cash Store  was Not registered with the Texas Secretary of State pursuant to Tex. Fin. Code § 392.101 to engage in debt collection activities in Texas at the time plaintiff had entered into an agreement with the Defendants.

16.   ALL the above defendants are in the business of collecting consumer debts using the mail and telephone, emails and regularly collects, or attempts to collect, consumer debts owed, or alleged to be owed.

## ACTS OF AGENTS

17.   Whenever in this compliant it is alleged that a particular defendant or a group of defendants did        an act, it meant that:

   a.   The Defendants or group of defendants performed or participated in the act, or

   b.   The defendant's or group of defendant's officers, agents, attorneys, trustees, or employees performed or participated in the act on behalf of and under the authority of the defendant or group of defendants.

## FACTUAL ALLEGATIONS

18.   Plaintiff is a natural persons obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

19.   Defendants uses instrumentalities of interstate commerce or the mails in a business the  principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

20.   Plaintiff went to get a Title loan on or around September 2013 from the defendant's location at 1240 W. Beltline Rd Ste A, Desoto Texas 75115.

21.   The defendants in their daily duties of business lent the plaintiff the sum of around $3033 Dollars. Loan number 7507-3741855

22.   The defendants never disclosed verbally nor in their contract that they were a debt collector.

23.   Defendants had breach the contract for Non- Disclosure and barging in bad faith. Which is false and mis-leading and representation in Communications. Which is a violation of (FDCPA) 15 U.S.C. § 1692e.

24.   The defendants in exchange of issuing the check to the plaintiff took the Title of plaintiffs 2008 Chevy Avalanche.

25.   On or around December 18th, 2013 the defendants mailed the plaintiff a NOTICE of DEFAULT AND RIGHT TO CURE which was dated December 17th, 2013.

26. The defendants NOTICE of DEFAULT AND RIGHT TO CURE stated that the plaintiff needs to

    bring them money to cure the loan.

27. The NOTICE of DEFAULT AND RIGHT TO CURE states that the plaintiff owes $3,381.39 Dollars as

    of the date of the Final Notice.

28. Defendants added another 5% interest to plaintiff's alleged account.

29. The Final Notice is addressed to the Plaintiff.

30. The Defendants did not provide the Mini Miranda Warning in the NOTICE of DEFAULT AND

    RIGHT TO CURE, per  the Fair Debt Collection Practices Act (FDCPA) 15U.S.C. § 1692e (11).

31. The defendants failed to give the Plaintiff's within the required 5 days of the initial notice ,

    a 30 –day validation of the debt notice which is a violation of (FDCPA) 15  U.S.C. § 1692 g.

32. The defendants has failed to send the Plaintiff's within the required 5 days of the

    initial notice a breakdown of the character, amount or legal status of the debt

    Which is violation  (FDCPA) 15 U.S.C. § 1692 g. (a) (1), (FDCPA) 15U.S.C. §

    1692 g. (a) (2),(FDCPA) 15 U.S.C. § 1692 g. (a) (3), (FDCPA) 15  U.S.C. § 1692

    g. (a) (4), (FDCPA) 15 U.S.C. § 1692 g. (a) (5) .

33. Defendants has been ordered by Judge David C. Godbey  A United States District Judge in Dallas

    not do any more business in the state of Texas, case  number 3:10-cv- 01650-N that was signed

    and filed on 10/16/12.

34. Defendants had no regards to a federal order by Judge David C. Godbey United States District

    Judge.

35. Defendants did willfully violate the Federal Order from Judge David C. Godbey  and still conducted business in the State Of Texas.

36. The defendants still has the plaintiff's title and will not return it.

37. Defendants have been and still are mis- leading and mis-representing whom they are.

38. The defendants nor the contract agreement either disclosed the fact that the defendants comply with Texas Debt Collection Practices Act, Chapter 392 (hereinafter "TDCPA") and the Texas Business and  Commerce Code, Subchapter E, Chapter 17, (hereinafter"DTPA"), which  prohibit debt collectors from engaging in abusive, deceptive, and unfair  practices.

39. Defendants contacted a third party and stated that the consumer owed a debt. Which is a violation of (FDCPA) 15 U.S.C. § 1692 b (2).

40. Defendants are still attempting to collect upon the debt until the debt was validated in which is a violation of the (FDCPA) 15 U.S.C. § 1692g. (B).

41. Defendants are in violation of Texas Finance Code 392.001, which are a condition precedent and applies to those entities collecting of consumer debts that they must be bonded in which the Defendants does not meet Texas State Requirements.

42. A violation of the Texas Debt Collection Practices Act is a is a deceptive trade practice under the Texas Deceptive Trade Practices Act, and is actionable under the Texas Deceptive Trade Practices Act. Tex. Fin. Code. Ann. § 392.404(a)

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C § 1692 BY DEFENDANTS CASH STORE AND THE CASH STORE

43. Plaintiff repeats and re-alleges each and every allegation contained above.

44. Plaintiff is a consumer within the meanings of the FDCPA 15 U. S. C § 1692

45. The defendants are debt collectors within the meaning of the FDCPA§ 1692 a (3).

46. The defendant's as debt collectors, aforementioned conduct has violated the 15

   U.S.C § 1692 Fair Debt Collection Practices Act.


47. WHEREFORE, Plaintiff prays for relief and a judgment, per defendant as follows:

   a) Adjudging that Defendants violated the FDCPA;

   b)  Awarding Plaintiff's statutory damages, pursuant to 15 U.S.C. §1692 e
   in the amount of $1,000.00

   c) Awarding Plaintiff's statutory damages, pursuant to 15 U.S.C. §1692 e (11)

   in the amount of $1,000.00;

   d) Awarding Plaintiff's statutory damages, pursuant to 15 U.S.C. §1692 g. in the

   amount of $1,000.00;

   e) Awarding Plaintiff's statutory damages, pursuant to 15 U.S.C. §1692 g (a) (1)

   in the amount of $1,000.00;

   f) Awarding Plaintiff's statutory damages, pursuant to 15 U.S.C. §1692 g (a) (2)

   in the amount of $1,000.00;

   g) Awarding Plaintiff's statutory damages, pursuant to 15 U.S.C. §1692 g (a) (3)

   in the amount of $1,000.00;

h) Awarding Plaintiff's statutory damages, pursuant to 15 U.S.C. §1692 g (a) (4) in the amount of $1,000.00;

i) Awarding Plaintiff's statutory damages, pursuant to 15 U.S.C. §1692 g (a) (5) in the amount of $1,000.00;

j) Awarding Plaintiff's statutory damages, pursuant to 15 U.S.C. §1692 g (b) in the amount of $1,000.00;

k) Awarding Plaintiff's statutory damages, pursuant to 15 U.S.C. §1692 b (2) in the amount of $1,000.00;

l) Awarding Plaintiff's actual damages, pursuant to 15 U.S.C. §1692 e (2,) 15 U.S.C. §, 1692 e (11), 15 U.S.C. §1692 g, 15 U.S.C. §1692 g (a) (1), 15 U.S.C. § 1692g (a) (1), 15U.S.C. § 1692 g (a) (2), 15 U.S.C. §1692 g (a) (3), 15 U.S.C. §1692 g (a) (4), 15 U.S.C. §1692 g (a) (5), 15 U.S.C. §1692 g (b), 15 U.S.C. § 1692 b (2), 15 U.S.C. § 1692 e (5), 15 U.S.C. § 1692 e, 15 U.S.C. §1692 e 8)

48.   **WHEREFORE,** Plaintiff's prays the return of his title and for a judgment for damages against per defendants for actual or statutory damages, and punitive damages, attorney's fees and costs, Awarding Plaintiff's any pre-judgment and post-judgment interest as may be and allowed under the law; Awarding such other and further relief as the Court may deem just and Proper against each defendant pursuant to Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692.

# COUNT II

## VIOLATIONS OF THE TEXAS FINANCE CODE § 392.001 and TEXAS FINANCE CODE §392.101 TEX. FIN. CODE ANN.§ 392.403(c)  BY DEFENDANTS CASH STORE AND THE CASH STORE

49. Plaintiff's repeats and re-alleges each and every allegation above.

50. Defendants have violated the Texas Debt Collection Practices Act in one or more of the following ways:

a. Using false representations or deceptive means to collect a debt or obtain information concerning a consumer, including (Tex Fin Code § 392.304(a)(19).

51. Defendants have violated the Texas Finance Code§392.101 in one or more of the following ways:

a. Defendants does not meet the requirements of Tex Finance Code§392.101.

52. WHEREFORE, Plaintiff's prays the return of is title  and Plaintiff's prays for relief and judgment, for damages against per defendants for actual or statutory damages, and punitive damages, attorney's fees and  costs, against each defendant pursuant to **TEXAS FINANCE CODE § 392.001 and TEXAS FINANCE CODE §392.101 TEX. FIN. CODE ANN.§ 392.403(c)** as follows:

a) Adjudging that Defendants violated the TDCPA;

b) Awarding Plaintiff'ss statutory damages pursuant to the TDCPA;

c) Awarding Plaintiff'ss actual damages pursuant to the TDCPA;

d) Awarding Plaintiff's reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff's any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff's hereby demands a trial by jury of all issues as tribal as a matter of law.

Respectfully submitted on the 11th day of DECEMBER, 2014.

DAVID M. WETHY

## CERTIFICATE OF SERVICE

I certify that on December 11th, 2014, I filed the foregoing document with the clerk of the U.S. District Court, Eastern District of Texas, Sherman Division,

by personally filing with the court.

Respectfully Submitted

David M. Wethy

P.O Box 271192

Flower Mound, TX 75027

deinfo@startmail.com


CASH STORE/ THE CASH STORE

Trevor Ahlberg as Registered Agent

1901 Gateway Dr, Ste 200

Irving TX       75038