# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID M. WETHY | § | |
| | § | |
| V. | § | CASE NO. 4:14-CV-809 |
| | § | Judge Mazzant |
| THE CASH STORE & CASH STORE | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Defendant Cottonwood Financial Texas, LLC d/b/a The Cash Store and Cash Store's Motion to Dismiss and Compel Arbitration (Dkt. #10). Having considered the relevant pleadings, the Court finds that the motion should be granted.

## BACKGROUND

Plaintiff David W. Wethy ("Plaintiff") initiated this action based upon alleged violations of the Fair Debt Collection Act ("FDCPA") and the Texas Finance Code §§392.001, 392.101 and 392.403(c) by Defendant Cash Store and The Cash Store ("Defendant") (Dkt. #1 at ¶ 1). As an affirmative defense, Defendant asserted that Plaintiff's claims are subject to arbitration (Dkt. #5 at ¶ 3).

On September 27, 2013, Plaintiff entered into a Credit Services Agreement ("CSA") with Riverchase Capital, LLC ("Riverchase") n/k/a Cottonwood Financial Texas, LLC (Dkt. #10 at p. 2). Cottonwood Financial Texas, LLC was converted from Cottonwood Financial Texas L.P., on December 31, 2014, prior to merging with Riverchase on December 31, 2014 (Dkt. #10 at p. 2).[1] Under the CSA, Plaintiff agreed that the Federal Arbitration Act ("FAA") would govern the agreement and Plaintiff would arbitrate all disputes with Riverchase. The first page of the CSA

---

[1] Defendant's Motion to Compel states that Cottonwood Financial Texas, LLC was converted from Cottonwood Financial Texas L.P., on December 31, 2014, prior to merging with Riverchase on December 31, 2014. However, the Vineyard affidavit cited by Defendant states that the relevant acts took place on December 14, 2014 (Dkt. #12-1).

contained a "Notice of Arbitration Provision," and pages three through five contained a "Waiver of Jury Trial and Arbitration Provision" (Dkt. #12-2). The CSA also included a certification by Plaintiff stating: "You certify that you have read and understand the Waiver of Jury Trial and Arbitration Provision above." (Dkt. #11-2 at p. 7; Dkt. #10 at p.4). Plaintiff did not opt out of the September 27, 2013, CSA arbitration provision.

Plaintiff also entered into three more CSAs with Riverchase, dated October 10, 2013, October 25, 2013, and December 2, 2013, respectively (Dkt. #12-7; Dkt. #12-8; Dkt. #12-9). Each of the CSAs contained the exact same arbitration provisions, and Plaintiff did not opt out of any of these.

Consistent with the CSA arbitration provision, Defendant submitted an arbitration demand to Plaintiff on February 20, 2015, by Certified Mail Return Receipt Requested (Dkt. #11-2 at pp. 1-2, 6). Plaintiff did not respond to the arbitration demand.

On April 3, 2015, Defendant filed this motion asking the Court to compel arbitration and dismiss the case (Dkt. #10). No response was filed.

## ANALYSIS

The FAA "expresses a strong national policy favoring arbitration of disputes, and all doubts concerning the arbitrability of claims should be resolved in favor of arbitration." *Wash. Mut. Fin. Group, LLC v. Bailey*, 364 F.3d 260, 263 (5th Cir. 2004) (quoting *Primerica Life Ins. Co. v. Brown*, 304 F.3d 469, 471 (5th Cir. 2002)). The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

When considering a motion to compel arbitration, the Court must address two questions. *Graves v. BP Am., Inc.*, 568 F.3d 221, 222 (5th Cir. 2009). "First, whether there is a valid agreement to arbitrate, and second, whether the dispute in question falls within the scope of the arbitration agreement." *Id.* (citing *Fleetwood Enters. Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002)). In regard to the first question of contract validity, the Court should apply "ordinary state-law principles that govern the formation of contracts." *Id.* (citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). The second question of scope is answered "by applying the 'federal substantive law of arbitrability....'" *Id.* (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985)).

The Court finds that there is a valid agreement to arbitrate. Plaintiff offers the Court nothing to indicate that the CSAs are not valid. All the claims Plaintiff has asserted in this lawsuit are based on alleged violations of the FDCPA or certain provisions of the Texas Finance Code. Those claims fall within the broad definition of "dispute" within the CSA's arbitration provision. Plaintiff also agreed in the CSAs that "all disputes" included any counterclaims by Defendant, and "all claims asserted by us [Defendant] against you [Plaintiff]" (Dkt. #12-2 at pp. 3-4). Because all claims and the counterclaims fall under the parties' agreement to arbitrate, Plaintiff must assert his claims against Defendant in arbitration rather than in this Court. Moreover, the Court is aware of no federal statute or policy which renders Plaintiff's claims nonarbitrable.

Under the FAA, once a court finds that arbitration is required, it must stay the underlying litigation to allow arbitration to proceed. 9 U.S.C. § 3. When all of the issues raised in a lawsuit must be submitted to arbitration, dismissal of the lawsuit without prejudice is appropriate. *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992).

It is therefore **ORDERED** that Defendant Cottonwood Financial Texas, LLC d/b/a The Cash Store and Cash Store's Motion to Dismiss and Compel Arbitration (Dkt. #10) is hereby **GRANTED** and Plaintiff's case is **DISMISSED** without prejudice.  If Plaintiff desires to proceed, he must submit his claims to arbitration.

**SIGNED this 30th day of April, 2015.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE